FILED
JUL - 7 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY R. HUFF,

    Petitioner,

v.                                                  Civil Action No. 3:07CV691

COMMONWEALTH OF VIRGINIA,

    Respondent.

**MEMORANDUM OPINION**

Johnny Huff has submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Huff is currently detained pending a determination of whether he is a sexually violent predator under Virginia's Civil Commitment of Sexually Violent Predators Act, Virginia Code §§ 37.2-900 et seq. (the "SVPA"). The Commonwealth of Virginia (hereinafter, "the Commonwealth"), has moved to dismiss on the ground that Huff has failed to exhaust his available state remedies. Huff has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

On June 29, 1990, the Circuit Court for Chesterfield County ("the Circuit Court") revoked a previously suspended sentence of taking indecent liberties with a child and ordered Huff to serve five years of that sentence. Thereafter, Huff was convicted in the Circuit Court of sexual battery, four counts of aggravated sexual battery, attempted rape, forcible sodomy, and indecent

exposure. On February 26, 1991, the Circuit Court sentenced Huff to a total of twenty-three years and six months for the above offenses.

During his confinement in the Virginia Department of Corrections, Huff earned additional good conduct sentence credits, which reduced the length of time he was required to serve in prison. In August of 2007, Huff received a Legal Update reflecting that, in light of his earned and anticipated sentence credits, his projected mandatory parole release date was November 26, 2007. On November 7, 2007, Huff received a revised Legal Update, which reflected that the Virginia Parole Board had acted to defer Huff's mandatory parole release pursuant to Virginia Code § 53.1-159.[1]

---

[1] That statute provides, in pertinent part:

> Every person who is sentenced and committed under the laws of the Commonwealth to the Department of Corrections . . . shall be released on parole by the Virginia Parole Board six months prior to his date of final release. . . .
>
> Notwithstanding the provisions of the preceding paragraph, if within thirty days of a release scheduled pursuant to this section, new information is presented to the Board which gives the Board reasonable cause to believe that the release poses a clear and present danger to the life or physical safety of any person, the Board may delay the release for up to six months to investigate the matter and to refer it to law-enforcement, mental health or other appropriate authorities for investigation and any other appropriate action by such authorities.

Va. Code Ann. § 53.1-159 (West 2007).

On November 19, 2007, the Attorney General for the Commonwealth filed a petition in the Circuit Court to have Huff civilly committed as a sexually violent predator under the SVPA. On November 27, 2007, the Circuit Court entered an order (hereinafter the "Hold Order") pursuant to section 37.2-906(A) of the Virginia Code directing that Huff remain in the custody of the VDOC until a final order is entered on the determination of whether Huff is a sexually violent predator.[2] On December 5, 2007, Huff was paroled on his criminal sentences. Huff remained detained pursuant to the Hold Order in his civil commitment proceedings. On January 9, 2008, the Circuit Court conducted the probable cause hearing required by section 37.2-906 of the Virginia Code and found that probable cause exists to believe that Huff is a sexually violent predator and continued his detention pursuant to the Hold Order. The trial to determine Huff's civil commitment proceeding

---

[2] The statute provides, in pertinent part,

> Upon the filing of a petition alleging that the respondent is a sexually violent predator, the circuit court shall (i) forthwith order that until a final order is entered in the proceeding, in the case of a prisoner, he remain in the secure custody of the Department of Corrections or, in the case of a defendant, he remain in the secure custody of the Department and (ii) schedule a hearing within 60 days to determine whether probable cause exists to believe that the respondent is a sexually violent predator.

Va. Code § 37.2-906(A).

was set for April 2, 2008. It appears that trial date has been continued.

On November 6, 2007, this Court received a request for federal habeas corpus relief from Huff. By Memorandum Order entered on November 20, 2007, the Court directed Huff to file his request for habeas relief on the appropriate standardized forms. The Court informed Huff that the Court's consideration of his grounds for habeas relief would be limited to the grounds set forth on the standardized form and on any attached pages. On November 29, 2007, filed his petition for a writ of habeas corpus on the standardized forms. In that petition, Huff asserted that he was entitled to relief because he had been denied a speedy trial on the determination of whether he was a sexually violent predator and he was denied due process by his detention on the new state law for sexually violent predators.

By Memorandum Order entered on December 17, 2007, the Court served the Commonwealth with a copy of the petition and directed the Commonwealth to file a response. The Commonwealth moved to dismiss the petition on the grounds that Huff has not exhausted his available state court remedies. Huff moved for an extension of time to file a response. Huff's motion for an extension of time (Docket No. 42) will be GRANTED and his responses to the motion to dismiss, which were received on February 29, 2008 and March 10, 2008, are deemed timely.

## II. EXHAUSTION

Huff's current custody flows not from his criminal convictions, but from the Circuit Court's order to detain Huff pending resolution of the civil commitment proceedings. Hence, Huff's challenges to delay of his mandatory release from his criminal sentence are moot. See Spencer v. Kemna, 523 U.S. 1, 8-14 (1998). Title 28 U.S.C. Section 2254 is limited to individuals "'in custody pursuant to the judgment of a State court.'" Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (quoting 28 U.S.C. § 2254(a)). "[A] person held in [state] pre-trial detention would not be in custody pursuant to the judgment of a State court. Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." Id. (internal quotation marks omitted); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).

It generally is the rule that individuals in state custody who challenge their pretrial detention must exhaust their available state remedies before seeking federal habeas relief. See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004; Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974) ("[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but

5

the requirement applies to all habeas corpus actions."); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975); (finding that under principles of federalism, exhaustion is required before a pretrial writ can be issued); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (emphasizing the need for exhaustion under 28 U.S.C. § 2241); Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975); Gibson v. State of N.C., No. 93-6028, 1993 WL 128532, at *1 (4th Cir. 1993). The exhaustion requirement also applies where the custody flows from civil, rather than criminal proceedings. See Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir. 1986). In the pretrial context, the exhaustion requirement is imposed to preclude "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493.[3]

The burden of proving exhaustion lies with the petitioner. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citing cases). The United States Court of Appeals for the Fourth Circuit has admonished that, "[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas

---

[3] In Braden, the Supreme Court used this language to distinguish between two types of speedy trial claims. The appropriate habeas claim where the habeas petitioner sought to compel the state to bring him to trial, rather than the illegitimate habeas claim where the petitioner seeks to abort a scheduled trial on speedy trial grounds. See Moore v. DeYoung, 515 F.2d 437, 445-46 (3d Cir. 1975) (citing Braden, 410 U.S. at 493).

proceedings by state [inmates] should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) (citing Gilstrap, 517 F.2d at 53). There are a number of avenues in the Virginia courts in which Huff may raise challenges to his current civil confinement. For example, Huff can raise his challenges in the pending civil commitment proceedings in the Circuit Court and any appeal therefrom. Additionally, Huff may file a petition for a writ of habeas corpus with the state courts. See Jenkins v. Dir. of Va. Ctr. for Behaviorial Rehab., 624 S.E.2d 453, 457-59 (Va. 2006) (discussing avenues of habeas relief available to individuals held as sexually violent predators).

Huff suggests that he exhausted his state remedies because on November 3, 2004, while he was still serving his criminal sentences, he filed a "MOTION FOR FAIR AND SPEEDY HEARING" in the Circuit Court for the City of Richmond, wherein he demanded that he be provided with hearing on whether he was to be committed as a sexually violent predator. The Circuit Court for the City of Richmond dismissed the case with prejudice and concluded that Huff had failed to state a claim for relief and his case was legally and factually frivolous. (Comm.'s Br. in Supp. of Mot. to Dis., Ex. 4.)

The Fourth Circuit has admonished that "[m]eaningful exhaustion is that which accords with the state's chosen procedural

7

scheme." Mallory, 27 F.3d at 995. Thus, the exhaustion requirement is not satisfied when a claim is "presented for the first and only time in a procedural context in which its merits will not be considered . . . ." Castille v. Peoples, 489 U.S. 346, 351 (1989). Huff has not shown that he had a right, either under Virginia law or the United States Constitution, to have his status determined under Virginia's Sexually Violent Predator's Act when he still had years left to serve on his criminal sentences. See Va. Code § 37.1-70.4(C) (West 2004) (directing the Director of the VDOC to identify potentially violent sexual predator's ten months prior their scheduled release); Va. Code § 37.2-903(C) (West 2007) (same); see Maness v. Ozmint, Nos. 3:06cv00675, et al., 2007 WL 474181, at *4 (D.S.C. Feb. 8, 2007) (concluding inmates had no due process right to have their status determined under South Carolina's Sexually Violent Predator Act until they had completed their criminal sentences).

Thus, the November 03, 2004 "MOTION FOR FAIR AND SPEEDY HEARING" was not a proper procedural vehicle for presenting challenges to Huff's present detention and the forthcoming commitment proceedings and, therefore, did not serve to exhaust available state remedies. See Castille, 489 U.S. at 351; Durkin, 538 F.2d at 1042 (concluding petitioner had not fairly presented his claim for habeas relief to state court by filing a petition for a writ of mandamus). Because Huff has not exhausted his available

state remedies, the motion to dismiss (Docket No. 33) will be GRANTED. <u>Durkin</u>, 538 F.2d at 1042. The petition for a writ of habeas corpus will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE to Huff's refiling after he has exhausted his state court remedies. Huff's outstanding motions will be DENIED.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Huff and counsel of record.

And it is so ORDERED.

                                                     /s/                REP
                                    Robert E. Payne
                                    Senior United States District Judge

Richmond, Virginia
Date: July 7, 2008